# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VIEW POINT MEDICAL SYSTEMS, INC. | * | |
| | * | |
| v. | * | Civil No. – JFM-13-1314 |
| | * | |
| ATHENAHEALTH, INC. | * | |

## MEMORANDUM

Plaintiff filed a six-count amended complaint. This court dismissed five of the six counts in an opinion authored by Judge Ellen Hollander, who was then presiding. The only count that remained after Judge Hollander's ruling was for breach of the implied covenant of good faith and fair dealing under Massachusetts law. Discovery has now been completed, and defendant has filed a motion for summary judgment. The motion will be granted.

As previously stated by Judge Hollander, in order to prevail on the remaining claim plaintiff must prove "that Athena intentionally avoided making a specific request that could have triggered the creation of a Qualified Lead, while nevertheless encouraging and seeking to benefit from View Point's assistance." Affidavits submitted by defendant establish that Athena did not intentionally avoid making a specific request that triggered the creation of a Qualified Lead and that it did not encourage and seek to benefit from View Point's assistance. Plaintiff did not take any discovery that established that Athena intentionally avoided making a specific request that could have triggered the creation of a Qualified Lead. Plaintiff has moved to strike defendant's affidavits but there is no basis for doing so. The affidavits are clearly sufficient under Fed. R. Civ. P. 56(c)(4), and none of the affiants were "surprise witnesses" as argued by plaintiff. Moreover, to the extent that plaintiff's complaint is that it was denied discovery to contradict

1

what is set forth in the affidavits, the record establishes that plaintiff did not ask any questions of deponents that would enable it to meet its burden of proof and did not pursue any objections to discovery responses in a timely manner. In that regard it is to be noted that a motion to compel filed by plaintiff was denied by Magistrate Judge Gallagher and that no exceptions were taken to her ruling.

The factual record likewise establishes that Athena neither encouraged or sought to benefit from View Point's assistance. Finally, it should be noted that the agreement that Athena eventually entered into with HMA (which occurred long after plaintiff contacted HMA) derived from contacts that Athena had with HMA that were entirely independent of any contacts that plaintiff had with HMA.

A separate order granting defendant's motion is being entered herewith.

Date: 2/18/16

J. Frederick Motz
United States District Judge